## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| JEREMY THORNTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Civil Action No.:  CV621-057** |
| | ) | |
| TRISURA SPECIALTY INSURANCE | ) | |
| COMPANY, NO LIMIT COURIERS, | ) | |
| LLC, AND DARRYL BUTLER, | ) | |
| | ) | |
| Defendants. | ) | |
| TRISURA SPECIALTY INSURANCE | ) | |
| COMPANY, NO LIMIT COURIERS, | ) | |
| LLC, AND DARRYL BUTLER, | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PENSKE TRUCK LEASING | ) | |
| CORPORATION AND PENKSE TRUCK | ) | |
| LEASING CO., L.P., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## NOTICE OF REMOVAL

**TO:   JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF GEORGIA, STATESBORO**

NOW COME Defendants TRISURA SPECIALTY INSURANCE COMPANY, NO LIMIT

COURIERS, LLC and DARRYL BUTLER ("Defendants"), and file this Notice of Removal of the

above-styled action from the State Court of Bulloch County, Georgia to the United States District

Court for the Southern District of Georgia, Statesboro Division. In support of this removal,

Defendants show the following:

1.      Plaintiff commenced this action by filing the Summons and Complaint with the State

Court of Bulloch County, Georgia, on July 8, 2021 styled *Jeremy Thornton v. Trisura Specialty*

*Insurance Company, No Limit Couriers, LLC, & Darryl Butler*, Case No. STCV2021000163 ("State Court Action"). Copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached.

2.     Defendant Trisura Specialty Insurance Company was served with Summons and Complaint on July 13, 2021.

3.     Undersigned counsel for Defendants executed an Acknowledgement of Service on behalf of Trisura Specialty Insurance Company, No Limit Couriers, LLC, and Darryl Butler on July 29, 2021.

4.     Fewer than thirty (30) days have transpired since receipt by and service on Defendants of the Complaint, and the deadline for Defendants to remove and otherwise respond to the Complaint in the State Court of Bulloch County has not passed.

5.     The Plaintiff's State Court Action is hereby removed to this Court under 28 U.S.C. § 1441, by virtue of the original jurisdiction this Court enjoys under 28 U.S.C. § 1332(a) (diversity jurisdiction.

## I.     **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6.     This Court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and all Defendants and more than $75,000.00 is "in controversy," exclusive of costs and interest.

7.     At the time of the commencement of this action and the filing of this Notice of Removal, the Plaintiff and the Defendants herein maintained the following citizenship:

a.      Defendant Trisura Specialty Insurance Company is an Oklahoma Company whose principal place of business is located at 210 Park Avenue, Ste. 1400, Oklahoma City, Oklahoma.

c.      Defendant No Limit Couriers, LLC is a Florida Corporation whose principal place of business is located at 4416 Detaille Drive, Jacksonville, Florida.

d.      Defendant Darryl Butler is a resident of Florida, whose principal address is 3124 Winton Drive, Jacksonville, Florida.

8.      As Plaintiff concedes in his Complaint, Defendant Trisura Specialty Insurance Company ("Trisura") is a foreign corporation. (*See* Complaint, ¶ 1). Defendant Trisura is not incorporated in the State of Georgia but is instead organized under the laws of Oklahoma with its principal place of business in Oklahoma City, Oklahoma (*See* Complaint ¶ 1). Because Defendant Trisura is not incorporated in Georgia and does not have a principal place of business in Georgia, Defendant Trisura is not a citizen of the State of Georgia.

9.      As Plaintiff further contends in his Complaint, Defendant No Limit Couriers, LLC ("No Limit Couriers") is also a foreign corporation. (*See* Complaint ¶ 4-5). Defendant No Loimit Couriers is not incorporated in the State of Georgia but is instead organized under the laws of Florida with its principal place of business in Jacksonville, Florida (*See* Complaint ¶ 4-5). Because Defendant No Limit Courier is not incorporated in Georgia and does not have a principal place of business in Georgia, Defendant No Limit Couriers is not a citizen of the State of Georgia.

10.     Plaintiff further contends in his Complaint that Defendant Darryl Butler ("Butler") is a resident of the state of Florida. (*See* Complaint ¶ 8).

11.     Defendants, without waiving their defenses, consent to each other's removal of this action to the United States District Court for the Southern District of Georgia.

12.     There is complete diversity between Plaintiff and Defendants, and all Defendants have provided their consent to this removal.

13.     The threshold "amount in controversy" requirement of diversity jurisdiction is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damages to Plaintiff which, if proven and recoverable, will more likely than not exceed the threshold amount of $75,000.00, exclusive of interest and costs. *Kirkland v. Midland Mortg. Co.,* 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

14.     The Plaintiff's Complaint fails to set forth a specific damage amount sought (*See* Complaint, ¶ 25-28), but the types and descriptions of the Plaintiff's injuries lead to the **plausible** conclusion that the "amount in controversy" in the case exceeds the jurisdictional limit of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) ("a defendant's notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.") (Emphasis added).

15.     Where, as here, the complaint makes a claim for an unspecified amount of damages, removal to federal court is appropriate if "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (adopting the Fifth and Ninth Circuits' "facially apparent" approach.

16.     It is facially apparent from Plaintiff's Complaint and other pleadings filed of record that the injuries he alleges to have sustained lead to the plausible conclusion that more than $75,000.00 is at stake.  In that regard, Plaintiff seeks damages for "serious personal injuries and

significant bodily harm" and subsequent medical expenses, as well as punitive damages, (*See* Complaint, ¶ 25-28), which are routinely compensated at levels in excess of $75,000.00.

17.     In light of the injuries (*See* Complaint, ¶ 25-28) alleged in Plaintiff's Complaint, it is indeed a "plausible allegation" that the $75,000.00 "amount in controversy" requirement set forth in 28 U.S.C. § 1332(a) is satisfied in the case at bar.

## II.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN STATISFIED

18.     Venue for this Removal is proper in this Court because the United States District Court for the Southern District of Georgia, Statesboro Division, is the federal judicial district embracing the State Court of Bulloch County, Georgia, where the State Court Action was originally filed and where the facts and circumstances giving rise to the Plaintiff's injuries are alleged to have transpired.

19.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents filed in the State Court Action are attached as **Exhibit A**.

20.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of each Defendants' receipt of Plaintiff's Complaint.

21.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of Bulloch County, Georgia.

22.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to all parties in this case.

WHEREFORE, Defendants give notice that the State Court Action has been removed to this Honorable Court.  By this Notice of Removal, Defendants do not waive any defenses or

objections they may have to this action; Defendants intend no admission of fact, law, or liability; and Defendants expressly reserve all defenses, motions, and pleas.

Respectfully submitted this 12th day of August 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/*Nicholas J. Laybourn*
Nicholas J. Laybourn
Georgia State Bar No. 302310
Attorney for Defendants

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
(912) 236-0261
nlaybourn@huntermaclean.com

CLEMENT RIVERS, LLP

/s/ *Jeffrey J. Wiseman*
Jeffrey J. Wiseman
*Pro hac vice application to be submitted*
Georgia State Bar No. 395739
Attorneys for Defendants

25 Calhoun Street, Suite 400
P. O. Box 993
Charleston, SC  29402
(843) 720-5456
jwiseman@ycrlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| JEREMY THORNTON,               ) | |
|                     ) | |

JEREMY THORNTON,                    )
                                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )          **Civil Action No.:**
                                    )
TRISURA SPECIALTY INSURANCE         )
COMPANY, NO LIMIT COURIERS,         )
LLC, AND DARRYL BUTLER,             )
                                    )
            Defendants.             )
TRISURA SPECIALTY INSURANCE         )
COMPANY, NO LIMIT COURIERS,         )
LLC, AND DARRYL BUTLER,             )
                                    )
      Third Party Plaintiffs,       )
                                    )
      vs.                           )
                                    )
PENSKE TRUCK LEASING                )
CORPORATION AND PENKSE TRUCK        )
LEASING CO., L.P.,                  )
                                    )
      Third Party Defendants.       )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Notice of Removal**, upon all parties to this matter by depositing a true copy of same via electronic mail, properly addressed and by using the CM/ECF system which will send a notice of electronic filing to the following:

> Justin T. Jones, Esquire
> 7505 Waters Avenue, Suite B-5
> Savannah Georgia 31406
> Email: justin@justinjoneslaw.net

Respectfully submitted this 12th day of August 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/*Nicholas J. Laybourn*
Nicholas J. Laybourn
Georgia State Bar No. 302310
Attorney for Defendants

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
(912) 236-0261
nlaybourn@huntermaclean.com

CLEMENT RIVERS, LLP

/s/ *Jeffrey J. Wiseman*
Jeffrey J. Wiseman
*Pro hac vice application to be submitted*
Georgia State Bar No. 395739
Attorneys for Defendants

25 Calhoun Street, Suite 400
P. O. Box 993
Charleston, SC  29402
(843) 720-5456
jwiseman@ycrlaw.com